UNITED STATES, Appellee

v.

GEORGE ARNOLD BRANCH, Private E–2,
U. S. Army, Appellant

1 USCMA 189, 2 CMR 95

No. 131

Decided February 26, 1952

CAPT. John R. Sennott, USA, for Appellant.

MAJ. Augustus A. Marchetti, USA, and 1ST LT. Eugene L. Grimm, USA, for Appellee.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Petitioner was convicted by general court-martial of absence without leave from January 2, 1951, to February 17, 1951, and of unlawful possession of heroin. He was sentenced on April 27, 1951, to a dishonorable discharge, total forfeiture of pay, and confinement for five years. The convening authority approved the findings and sentence and the army board of review affirmed. We granted the petition for review, directing argument to the issue of whether petitioner's unauthorized absence status was terminated by the fact that the petitioner was convicted by summary courts-martial, during his period of absence, on January 8, 1951, and January 30, 1951. The convictions were for curfew violations occurring in Pusan, Korea.

We perceive no material distinction between this case and United States v. Jackson, (No. 141), 1 USCMA 190, 2 CMR 96, decided this day. Petitioner here failed to disclose to the summary court officials his status as an absentee. That court existed for the purpose of handling minor offenses without reference to the soldier's parent organization. The court did not know, nor by the exercise of reasonable diligence could it have known, of petitioner's status as an absentee. Under the principles set out in detail in United States v. Jackson, there was no legal termination of petitioner's absence by this transitory exercise of military authority. Accordingly, the decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.